**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) **ERCHONIA CORPORATION LLC,** a Texas limited liability company, **Plaintiff,** v. 1) **TULSA BODY SCULPTING CENTER, LLC,** an Oklahoma limited liability company, and 2) **KELSIE DONAHUE,** an individual, and d/b/a **TULSA BODY SCULPTING CENTER,** and d/b/a **TULSA BODY SCULPTING** **Defendants.** | **CIVIL ACTION NO. 4:25-CV-00164** **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Erchonia Corporation LLC ("Erchonia"), for its Complaint against Tulsa Body Sculpting Center, LLC ("TBSC") and Kelsie Donahue ("Donahue") (individually, a "Defendant" and collectively, the "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action for patent infringement of United States Patent Nos. 9,149,650 (the " '650 Patent) and 7,947,067 (the " '067 Patent") (collectively, the "Patents-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.

## THE PARTIES

2.    Erchonia is a Texas limited liability company with a principal place of business at 112 Southchase Boulevard, Fountain Inn, SC 29644.

3.     On information and belief, TBSC is an Oklahoma limited liability company with a principal place of business at 3562 East 51st Street, Tulsa, OK 74135 and who may be served by and through its registered agent, Kelsie Katelin Donahue located at 3562 East 51st Street, Tulsa, OK 74135.

4.     On information and belief, Donahue is an individual, the principal of TBSC, does business as Tulsa Body Sculpting Center, Tulsa Body Sculpting and/or tulsabodysculpting.com and resides in this judicial District at 3562 East 51st Street, Tulsa, OK 74135 and is otherwise *sui juris*.

## JURISDICTION AND VENUE

5.     This Court has exclusive subject matter jurisdiction over the federal claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over TBSC because, upon information and belief, TBSC has a principal place of business in this District, conducts business in this District, has purposefully availed itself of the opportunity to conduct commercial activities in this District, and has committed acts of patent infringement within this District as alleged herein.

7.     This Court has personal jurisdiction over Donahue because, upon information and belief, Donahue resides in this District, conducts business in this District, has purposefully availed herself of the opportunity to conduct commercial activities in this District, and has committed acts of patent infringement within this District as alleged herein.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) as, upon information and belief, TBSC is a limited liability company organized and existing under the laws of Oklahoma, has a regular and established place of business in this District, and has committed acts of patent infringement in this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) as, upon information and belief, Donahue resides in this District and has committed acts of patent infringement in this District.

## THE PATENTS-IN-SUIT

10.     On October 6, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '650 Patent, entitled "Non-Invasive Method for Slimming a Human Body Using Laser Energy of Wavelengths Shorter Than 632 nm". The named inventors are Steven C. Shanks and Kevin B. Tucek, and the patent is assigned to Erchonia. A copy of the '650 Patent is attached hereto as **Exhibit A**.

11.     Erchonia is the exclusive owner of all rights, title, and interest in and to the '650 Patent, and has the exclusive right to practice the inventions claimed in the '650 Patent throughout the United States.

12.     On May 24, 2011, the USPTO duly and legally issued the '067 Patent, entitled "Scanning Treatment Laser With Sweep Beam Spot and Universal Carriage". The named inventors are Kevin Tucek, Steven C. Shanks and Lawrence Owens, and the patent is assigned to Erchonia. A copy of the '067 Patent is attached hereto as **Exhibit B**.

13.     Erchonia is the exclusive owner of all rights, title, and interest in and to the '067 Patent, and has the exclusive right to make, use, sell, and offer to sell, any product embodying the invention disclosed in the '067 throughout the United States, and to import any product embodying the invention disclosed in the '067 into the United States.

## **BACKGROUND**

14.     Founded in 1996, Erchonia is a world leader in medical-grade laser therapy technology for physicians, chiropractors, physical therapists, podiatrists, osteopaths, aesthetic clinics, and many other types of medical / health professionals.

15.     Erchonia's range of non-thermal, low-level-energy therapy (LLLT) devices are used in many areas, including pain relief, fat removal, cellulite reduction, fungal nail treatment and more.

16.     Erchonia owns 22 FDA-clearances for low-level-laser applications in the medical field and the efficacy of its devices has been proven by multiple level 1, double blind, randomized, placebo-controlled, and multi-site clinical studies.

17.     Erchonia's Emerald Laser is an FDA Market-Cleared full body fat loss treatment device that allows clients to target areas of stubborn fat. It treats overall body circumference and is the only device FDA cleared to treat those with a BMI up to 40.

18.     Upon information and belief, Donahue operates a wellness and weight loss center providing an assortment of services, including skin and body therapies, body contouring, and skin rejuvenation under the trade names Tulsa Body Sculpting Center, Tulsa Body Sculpting and/or tulsabodysculpting.com.  Donahue, on information and belief, formed TBSC for the purpose of operating the same wellness and weight loss center, but in name only and without observing any of the corresponding corporate formalities.

19.     Upon information and belief, Donahue is the sole manager/member of TBSC and is the individual possessing sole decision-making authority regarding the purchase, importation and use of the infringing device.  In addition, at all times relevant and on information and belief, Donahue operated TBSC in her individual capacity, doing business as Tulsa Body Sculpting

Center, LLC and/or under the trade name Tulsa Body Sculpting Center, Tulsa Body Sculpting and/or tulsabodysculpting.com without observing any of the corresponding corporate formalities.

20.     Upon information and belief, by approximately February 2024, Defendants had imported and started using a Chinese knockoff of Erchonia's patented Emerald Laser; specifically, a device generally sold under the name LuxMaster Slim and marketed by Defendants under the name MaxLipo (the "Accused Device").



21.     On or about February 10, 2025, Erchonia placed Defendants on notice by means of a cease and desist letter, with copies of the Patents-in-Suit included therewith, regarding their infringement of the patents by the importation and use of the Accused Device.

22.     Despite being placed on notice of their infringing conduct, upon information and belief, Defendants have continued to engage in their infringing conduct by continuing to use the Accused Device, as evidenced by their continuing advertisement of their MaxLipo service.



23.    Erchonia has engaged undersigned counsels to represent it and is obligated to pay its attorneys a reasonable fee for their services in this action.

**COUNT I – PATENT INFRINGEMENT OF THE '650 PATENT**

24.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

25.    Erchonia is the exclusive owner of all rights, title, and interest in and to the '650 Patent, and has the exclusive right to practice the inventions claimed in the '650 Patent throughout the United States.

26.    The '650 Patent is an invention of a non-invasive method for slimming a human body using laser energy of wavelengths shorter than 632 nm.

27.    Upon information and belief, Defendants have been and are now directly infringing and, unless enjoined, will continue to infringe, one or more claims of the '650 Patent, including Claims 1-3, in this District, and elsewhere in the United States, through use of the Accused Device as a non-invasive means for fat loss.

28.    Claims 1 through 3 of the '650 provide as follows:

1.    A method of slimming a patient, the method comprising applying monochromatic laser energy having a wavelength shorter than 570 nm externally to the patient at a targeted area in a dose rate that causes no detectable temperature rise of the treated tissue.

2.    The method according to claim 1 wherein the laser energy is monochromatic green.

3.    The method according to claim 1 wherein the laser energy is 532 nm.

29.    Upon information and belief, when placed into operation by Defendants, the Accused Device infringes Claim 1 of the '650 Patent as set forth below.

30.    Upon information and belief, when placed into operation by Defendants, the Accused Device sessions practice:

a.    a non-invasive method of slimming a patient;



Our maxLipo treatments use a non- invasive laser to break down fat without any discomfort or pain.

https://tulsabodysculpting.com/pages/trueshape



https://www.facebook.com/profile/100037624494955/search/?q=max%20lipo

b. apply monochromatic laser energy having a wavelength shorter than 570 nm;

| Power | 800W |
|---|---|
| Wavelength | 532nm green laser |
| Screen | 12.1 inch Touch Colour Screen |
| Treatment Area | About 30mm*800mm |
| Intensity | Level 1-3(adjustable) |
| Rotation Speed | Level 1-3(adjustable) |

https://yoeshon.en.made-in-china.com/product/ywHAUYdVZhTL/China-532nm-Green-635-Red-Light-Therapy-Laser-10d-Maxlipo-Master-System-for-Fat-Reduction.html

Product Description
Specification

| | |
|---|---|
| Product name | 532nm Lipo Cold Laser Painless Slimming Machine |
| Power | 800W |
| Wavelength | 532nm (green light)/632 red laser |
| Treatment Area | About 30mm*800mm |
| Mode | Continuous; Pulse |
| Power of diode | 200W |
| Energy Output | 1-200mW(Continuous); 1-300mW(Pulse) |
| Rotation Speed | Level 1-3 (adjustable) |
| Screen | 12.1inch Touch Colour Screen |
| Package Size | 114*77*63 cm |

https://www.bestsuppliers.com/products/bwosuwfpuywr/vertical-green-red-laser-532nm-632-10d-max-lipo-master-laser-therapy-slimming-machine-fat-reduction

    c.   apply monochromatic laser energy externally to the patient at a targeted area; and

d. apply monochromatic laser energy at a dosage rate that causes no detectable temperature rise of the treated tissue;



https://www.bestsuppliers.com/products/bwosuwfpuywr/vertical-green-red-laser-532nm-632-10d-max-lipo-master-laser-therapy-slimming-machine-fat-reduction

31.    Upon information and belief, when placed into operation by Defendants, the Accused Device infringes Claim 2 of the '650 Patent as its sessions utilize laser energy which is monochromatic green. *See* ¶ 30 (b) and (c) above.

32.    Upon information and belief, when placed into operation by Defendants, the Accused Device infringes Claim 3 of the '650 Patent as its sessions utilize laser energy which has a wavelength of 532 nm. *See* ¶ 30 (b) above.

33.    Defendants' infringement of the '650 Patent has caused and will continue to cause Erchonia injury and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to damages adequate to compensate it for the infringement.

34.    Defendants' infringement of the '650 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to treble damages. Defendants' willful infringement is based, at least, on Defendants' continuing use of the Accused Device after being placed on notice of Erchonia, its products, and the Patents-in-Suit.

35.    Defendants' infringement of the '650 Patent has caused and will continue to cause Erchonia immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Erchonia has no adequate remedy at law.

36.    This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

## **COUNT II – PATENT INFRINGEMENT OF THE '067 PATENT**

37.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

38.    Erchonia is the exclusive owner of all rights, title, and interest in and to the '067 Patent, and has the exclusive right to make, use, sell, and offer to sell any product embodying the

'067 Patent throughout the United States, and to import any product embodying the '067 Patent into the United States.

39.    The '067 Patent is an invention for a scanning treatment laser with a sweep bean spot and universal carriage.

40.    Upon information and belief, Defendants have been and are now directly infringing and, unless enjoined, will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '067 Patent, including Claim 1, in this District, and elsewhere in the United States, through the use of the Accused Device, and importation of the Accused Device into the United States.

41.    Claim 1 of the '067 provides as follows:

1.    A laser comprising:

  a.   at least one laser energy source for generating a laser beam; and

  b.   a scanning head further comprising:

   i.   a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;

   ii.   a refractive optical element through which the laser beam is conveyed to produce a linear first beam spot whose centerpoint is along the axis of the hollow spindle;

   iii.   a rotatable carriage housing the optical element and through which the laser beam is conveyed and which, when rotated, creates an apparent solid circular second beam spot whose center is along the axis of the hollow spindle; and

    iv. means for continuously rotating the carriage through 360

     degrees.

  42.  Upon information and belief, the Accused Device infringes Claim 1 of the '067

Patent as set forth below.

  43.  Upon information and belief, the Accused Device comprises:

  a. at least one laser energy source for generating a laser beam;



https://www.bestsuppliers.com/products/bwosuwfpuywr/vertical-green-red-laser-532nm-632-

10d-max-lipo-master-laser-therapy-slimming-machine-fat-reduction







b.  a scanning head further comprising;



https://www.bestsuppliers.com/products/bwosuwfpuywr/vertical-green-red-laser-532nm-632-10d-max-lipo-master-laser-therapy-slimming-machine-fat-reduction

    i.  a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;









ii. a refractive optical element through which the laser beam is conveyed to produce a linear first beam spot whose centerpoint is along the axis of the hollow spindle;









iii.  a rotatable carriage housing the optical element and through which the laser beam is conveyed and which, when rotated, creates an apparent solid circular second beam spot whose center is along the axis of the hollow spindle; and





https://www.bestsuppliers.com/products/bwosuwfpuywr/vertical-green-red-laser-532nm-632-10d-max-lipo-master-laser-therapy-slimming-machine-fat-reduction



iv.   means for continuously rotating the carriage through 360 degrees.

 



44.     Alternatively, the above referenced configuration and operation of the scanning head of the Accused Device performs substantially the same function, in substantially the same way, and achieves substantially the same results as the scanning head disclosed in Claim 1 of the '067 Patent.

45.     Defendants' infringement of the '067 Patent has caused and will continue to cause Erchonia injury and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to damages adequate to compensate it for the infringement.

46.     Defendants' infringement of the '067 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to treble damages. Defendants' willful infringement is based, at least, on Defendants' continuing use of the Accused Device after being placed on notice of Erchonia, its products, and the Patents-in-Suit.

47.     Defendants' infringement of the '067 Patent has caused and will continue to cause Erchonia immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Erchonia has no adequate remedy at law.

48.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

### JURY DEMAND

49.     Erchonia demands a jury trial on all issues triable by a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Erchonia respectfully requests the following relief;

a.  Judgment that Defendants have infringed the '650 and '067 Patents;

b.  Permanent injunctive relief preventing Defendants and their respective officers, agents, servants and employees, and all those acting in concert or participation therewith, from further acts of infringement of the '650 and '067 Patents;

c.  An award of damages adequate to compensate Erchonia for the infringement of the '650 and '067 Patents, pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

d.  An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

e.  An award of attorneys' fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including pre-judgment interest on such fees;

f.  An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through final judgment;

g.  Awarding Erchonia interest, including prejudgment and post-judgment interest, on the foregoing sums.

h.  Costs and expenses in this action; and

i.  Such other and further relief this Court deems just and proper.

Respectfully submitted this 8th day of April 2025.

*/s/ Ryan C. Johnson*

Ryan C. Johnson, OBA #21974
Mark D. Siegmund, TX Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES, PLLC
818 E. 3rd Street
Tulsa, Oklahoma 74120
Telephone: (254) 732-2242
Facsimile:  (866) 627-3509
rjohnson@cjsjlaw.com
msiegmund@cjsjlaw.com
*Pro Hac Vice Application Pending*

and

*/s/ Scott W. Dangler*

Scott W. Dangler, Esq.
Fla. Bar No.  0429007
Dangler Law
927 E. New Haven Ave., Ste 213
Melbourne, FL 32901
Tel: (321) 265-4170
Fax: (321) 265-4167
scott@danglerlaw.com
*Pro Hac Vice Application Pending*

**ATTORNEYS FOR PLAINTIFF**